NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-457

ADOPTION OF YNEZ.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The father appeals from a decree of the Juvenile Court approving the plan of the Department of Children and Families (department) for adoption of Ynez (child or Ynez).  The father advocated adoption by the paternal grandmother.  The department supported adoption by the child's foster parents.[2]  We affirm.

Background.  The child was born substance exposed in 2018 and with neonatal abstinence syndrome.  She also has a foot abnormality.  She was removed from her biological parents at birth and, after a month in a neonatal intensive care unit, placed with the foster parents.

The judge found that Ynez is a high needs child, both physically and emotionally, who requires more care than the

_____

[1] A pseudonym.

[2] The judge also terminated the parental rights of the mother. She appealed and subsequently filed a motion to dismiss her appeal voluntarily, which was granted.

average child her age.[3]  To heal her foot, the child "requires constant engagement in physical therapy through play and strict compliance with boots and bars on her legs."[4]  The child exhibits aggressive and self-harming behaviors following interactions with her biological parents.  The judge also found, and the father does not contest, that the child would "suffer a traumatic loss if forced to leave" the foster family.

At trial, the department and father each put forth an adoption plan.[5]  The department submitted a short, written permanency plan of adoption by the child's foster parents.  The father's plan put forth the child's paternal grandmother.  The judge found that the father's plan lacked sufficient content such that the court could not meaningfully evaluate the grandmother as an adoptive resource.  The judge concluded the department's plan served the best interests of the child.

---

[3] The foster mother reported taking the child to more than 120 medical appointments in total.

[4] The child requires approximately four hours of physical therapy a day.

[5] The department contends that the father presented grandmother as a placement option and not an adoption plan.  The trial transcript shows that the judge and the parties were unsure whether the father was presenting an adoption plan.  The father's counsel described the grandmother as "a placement option" and stated, "it isn't a different adoption plan." Ultimately, the judge found the father proposed an adoption plan, so we assume, without deciding, that the father offered an adoption plan.  The better practice would be for a parent to clearly inform the judge and all parties at the start of trial that the parent is proposing an alternative adoption plan.

Discussion.  "In cases where the parents have offered a competing plan, the judge must assess the alternatives and, if both pass muster, choose which plan is in the child's best interests."  Adoption of Dora, 52 Mass. App. Ct. 472, 475 (2001).  The judge's determination will not be reversed unless there is an abuse of discretion or clear error of law.  See Adoption of Hugo, 428 Mass. 219, 225 (1998), cert. denied sub nom. Hugo P. v. George P., 526 U.S. 1034 (1999).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  Dolan v. Dolan, 99 Mass. App. Ct. 284, 290 n.6 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The judge determined that the department's plan of adoption by the foster parents was well suited to serve the child's best interests.  The foster mother has experience caring for children with special needs, developmental delays, and various medical needs.  The judge found that the foster parents were able to meet the child's high physical, emotional, and medical needs. The child requires frequent visits to her pediatrician and developmental specialist, as well as hours of daily physical therapy that the foster parents can provide.  Both foster

3

parents transport the child to her medical appointments and attend the appointments with her. The judge found that the child needs consistency and structure and would suffer a traumatic loss if she were forced to leave her foster parent's home.

By contrast, the trial judge found that the father's proposed plan lacked sufficient content and substance. The father did not present any evidence that the grandmother understood, let alone could meet, the child's high emotional, physical, and medical needs. For example, at the time the child was removed from her parents, the grandmother was unable to meet the child's needs because she lacked adequate space in her home and time to care for the child while working full time. The father did not explain why those things had changed at the time of trial. The grandmother had only seen the child six times in the more than two years between the time of removal and trial. That the grandmother did not have insight into the parents' deficiencies only reenforces the concern that she did not understand the child's special needs.[6] We discern no error in the judge's conclusion that the father's plan was inadequate.

_____

[6] The grandmother's preference was for the child to be reunited with the father, even though he was not seeking custody and supported reunification with the mother. In addition, the grandmother would allow the parents into her home to see the child, as the grandmother thought the parents' deficiencies

4

The father's reliance on Adoption of Dora is misplaced.  In Adoption of Dora, 52 Mass. App. Ct. at 473-474, 477-478 & nn.5, 10, we vacated the judge's decision to allow the department to choose in its discretion between two equally appropriate but competing adoption plans.  Here, the plans were not equally appropriate, and in any event the judge chose between the two plans.  Although the father suggests that the judge should have suspended or continued the proceedings to allow him to develop his proposed plan, he did not request a continuance, and the judge was not obliged to suspend the proceeding sua sponte.

We discern no abuse of discretion in the judge's determination that the department's proposed adoption plan was in the child's best interest.

Decree affirmed.

By the Court (Massing, Henry & Grant, JJ.[7]),

Joseph F. Stanton

Clerk

Entered:  November 17, 2023.

---

would be cured by suitable housing.  The evidence demonstrated that after seeing the parents, the child engaged in aggressive and self-harming behavior.

[7] The panelists are listed in order of seniority.

5